# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL NO. 2:00CR12

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | |
| DAWNENA KALONAHESKIE, ) | |
| ) | |
| Defendant, ) | **O R D E R** |
| ) | |
| And ) | |
| ) | |
| EASTERN BAND OF CHEROKEE ) | |
| INDIANS, ) | |
| ) | |
| Garnishee. ) | |

**THIS MATTER** is before the Court on the answer of the Garnishee Eastern Band of Cherokee Indians (the Tribe) and the response of the United States to that answer.

On June 7, 2000, the undersigned sentenced the Defendant to three years probation in connection with her conviction for theft from a gaming establishment on a reservation, in violation of 18 U.S.C. § 1168. **Judgment in a Criminal Case, filed June 13, 2000.** As part of that Judgment, the Defendant was ordered to pay restitution totaling $9,500 to the victim of the crime, Harrah's Cherokee Casino. *Id.*

Subsequently, the Government sought to garnish the Defendant's per capita distribution of gaming revenues received twice a year from the Tribe. The Tribe responded by answer claiming that such funds are immune from garnishment due to the sovereign nature of the Tribe.

Indian tribes have traditionally been considered sovereign nations which possess common law immunity from suit; however, that immunity may be abrogated by Congress. ***C & L Enter., Inc. v. Citizens Band of Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411 (2001).** When Congress enacted the Federal Debt Collection Procedure Act in 1990, it defined a "garnishee" as any person who has custody of any property in which the debtor has a nonexempt interest; and, it defined "person" as including an Indian tribe. **28 U.S.C. §§ 3002(7), (10).** "Congress has the power to statutorily waive a tribe's sovereign immunity." ***Northern States Power Co. v. Prairie Island Mdewakanton Sioux Indian Cmty.*, 991 F.2d 458, 462 (8th Cir. 1993).** The Federal Debt Collection Procedure Act uses unequivocal language to waive this immunity. ***C & L Enter., supra*.**

As a result, the Tribe as the garnishee must pay over to the federal government any property in which the Defendant has a nonexempt interest. ***United States v. Weddell*, 12 F.Supp.2d 999, 1000 (D.S.D. 1998), aff'd, 187 F.3d 634 (table), 1999 WL 319323 (8th Cir. 1999).** That property includes a per capita distribution to tribal members of gaming revenues. ***Id.; accord, In re Kedrowski*, 284 B.R. 439 (Bankr.W.D. Wis. 2002).**

**IT IS, THEREFORE, ORDERED** that the Garnishee's motion to quash the writ of garnishment is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the United States shall provide a claim for exemption form to the Debtor, unless the same has previously been provided. The Writ of Continuing Garnishment entered June 10, 2003, shall remain in force unless the Government deems an additional Order or Judgment necessary to protect its interest, in which case, it shall submit a proposed order or judgment.

**Signed: August 23, 2005**

Lacy H. Thornburg
United States District Judge